## E. C. Tolliver v. State

No. 28,493. October 24, 1956.

*Clyde Boose,* Sweetwater, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is possession of whiskey in a dry area for the purpose of sale, with prior convictions for offenses of like character alleged for enhancement; the punishment, a fine of $500.00.

Our able state's attorney has confessed error.

The bills of exception reflect that the original complaint and information were filed on January 26, 1956, charging the appellant with the primary offense. On February 23 the county attorney filed a motion requesting permission to dismiss the information then on file and file a new information charging the primary offense and the two prior convictions. This permission was granted, and a new complaint and information were filed. We find no error in the procedure so far; however, the bills reflect that *thereafter* and without notice the county attorney altered the new complaint by changing the numbers which had been assigned to the prior convictions plead for enhancement.

In Phariss v. State, 136 Texas Cr. Rep. 504, 126 S.W. 2d 981, we said that where the complaint was altered it ceased to be the act of the affiant and that the affiant himself could not have altered the same without being sworn anew. See also Texas Digest, Indictment & Information 162.

The judgment is reversed and the prosecution ordered dismissed.